**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**JOSE ALBERTO CRUZ RODRIGUEZ,**

Petitioner,

v. Civil No. **3:26CV1396 (RCY)**

**TODD BLANCHE, *et al.*,**

Respondents.

**MEMORANDUM OPINION**

This matter comes before the Court on Petitioner Jose Alberto Cruz Rodriguez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition," ECF No. 1), challenging the lawfulness of her detention by Immigration and Customs Enforcement ("ICE"). In his Petition, Petitioner alleges, *inter alia*, that his detention without an individualized bond hearing violates due process. Pet. ¶¶ 31–34. For the reasons set forth below, the Court will grant the Petition (ECF No. 1) on the ground that Petitioner's continued detention without an individualized bond hearing is unlawful.

## I. BACKGROUND

The facts alleged in the Petition are sparse. Petitioner is a native of El Salvador. Pet. ¶ 17. He most recently entered the United States in 2003, at which time he entered without inspection. *Id.* He has lived in the United States for over twenty years, and is the father of two U.S. citizen children, ages 19 and 10. *Id.* ¶ 40. ICE arrested Petitioner on October 20, 2026, in Hillandale, Maryland. *Id.* ¶ 20. Petitioner was transferred to the Farmville Detention Center in Virginia, where he was told he would be detained without bond. *Id.* Since detention, Petitioner has not had

access to any of his prescription medicines related to his prior history of heart attack and stroke. *Id.* ¶¶ 41, 42.

Petitioner, proceeding through counsel, filed the instant Petition in this Court on October 23, 2026. ECF No. 1. On October 26, 2026, the Court issued a Memorandum Order directing that Respondents file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in *Lopez Garcia v. Guadian* 190 F.4th 305 (4th Cir. 2026), or an Opposition or other responsive pleading. Order, ECF No. 3.

On October 30, 2026, Respondents timely submitted their Notice responding to the Court's October 26, 2026 Order. (ECF No. 6 ("Notice")). Consistent with the Court's Order, Respondents "submit that the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Lopez Garcia*." *Id.* at 1. Respondents also attached a notice indicating that a bond hearing had been scheduled for Petitioner, to take place on November 5, 2026. Not. Ex. 1, ECF No. 6-1.

## II. STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. ANALYSIS

The immediately dispositive question in the instant Petition concerns whether Petitioner is

entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

Based on Respondents' representation that the facts of this case do not materially differ from those in *Lopez Garcia*, the Court finds that the Fourth Circuit's recent decision makes clear that, because Petitioner has been present in the United States since before his detention, "Section 1226(a) properly governs the detention of noncitizens . . . present in the United States, regardless of how they came to be in our country," *Lopez Garcia*, 190 F.4th at 335. Petitioner's detention is accordingly governed by § 1226(a).

Under § 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge, during which an Immigration Judge must determine whether he poses a danger to the community and whether he constitutes a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge renders such a determination, Petitioner's continued detention is unlawful.[1]

## IV. CONCLUSION

For the above reasons, the Court will grant the Petition (ECF No. 1) with respect to the request that Petitioner be given an individualized bond hearing. An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: November 5, 2026
Richmond, Virginia

[1] The Court does not find grounds or lawful avenue to order that the traditional burdens carried at such hearings be reversed, as Petitioner requests, *see* Pet. at 10; *Lopez Garcia*, 190 F.4th at 314 n.3 ("[I]t is the Petitioner, not the Government, who bears the burden . . . to demonstrate he is not a danger to the community nor a flight risk."), and so the Court does not grant that aspect of the relief sought.